UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
TRUSTEES OF THE PAVERS AND ROAD
BUILDERS DISTRICT COUNCIL WELFARE,
PENSION, AND ANNUITY FUNDS
AND THE TRUSTEES OF THE LOCAL
1010 APPRENTICESHIP, SKILL IMPROVEMENT
AND TRAINING FUND,

                    Plaintiffs,                    REPORT AND
                                               RECOMMENDATION

       -against-                             22 CV 5047 (DG)(RML)

ATLANTIC STEEL SOLUTIONS, LLC,

                       Defendant.
--------------------------------------------------------------X
LEVY, United States Magistrate Judge:

        By order dated June 20, 2023, the Honorable Diane Gujarati, United States

District Judge, referred plaintiffs' supplemental declarations in further support of plaintiffs'

motion for default judgment to me for report and recommendation. For the reasons stated below,

I respectfully recommend that plaintiffs' motion for estimated delinquent contributions, union

assessments, interest on estimated delinquent contributions, and liquidated damages be granted.

### BACKGROUND AND FACTS

        Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare,

Pension, and Annuity Funds and the Trustees of the Local 1010 Apprenticeship, Skill

Improvement and Training Fund ("plaintiffs") brought this action against defendant Atlantic

Steel Solutions, LLC ("defendant") on August 25, 2022, asserting claims under sections

502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

U.S.C. §§ 1132(a)(3) and 1145, and section 301 of the Labor Management Relations Act of 1947

("LMRA"), 29 U.S.C. § 185, to collect delinquent employer contributions to employee benefit plans.  (Complaint, dated Aug. 25, 2022 ("Compl."), Dkt. No. 1, ¶ 1.)

Plaintiffs filed a motion for default judgment on December 5, 2022.  (Motion for Default Judgment, dated Dec. 5, 2022, Dkt. No. 9.)  I issued a Report and Recommendation ("R&R") regarding plaintiffs' motion for default judgment on May 16, 2023.  (See Report and Recommendation, filed May 16, 2023, Dkt. No. 21.)  The underlying facts of the case are detailed in that R&R.  (See id. at 1-4.)  For the reasons set forth in that R&R, I recommended (1) granting plaintiffs' motion for default judgment against defendant on plaintiffs' ERISA and LMRA claims; (2) awarding plaintiffs $2,875 in attorney's fees and $500.18 in costs; (3) awarding plaintiffs post-judgment interest; (4) denying plaintiffs' request for estimated delinquent contributions and union assessments; (5) denying interest on estimated delinquent contributions; and (6) denying liquidated damages.  (Id. at 15.)  I further recommended granting plaintiffs an opportunity to submit supplemental briefing on the issue of damages.  (Id. at 15.)

The R&R was adopted on June 2, 2023.  (See Order Adopting Report and Recommendation, filed June 2, 2023.)  Plaintiffs were granted leave to file supplemental briefing regarding damages and did so on June 13, 2023.  (See id.; see also Declaration of Robert Castiglia in Further Support of Default Judgment, dated June 13, 2023 ("Castiglia Supp. Decl."), Dkt. No. 24; Declaration of Adrianna R. Grancio, Esq. in Further Support of Default Judgment, dated June 13, 2023 ("Grancio Supp. Decl."), Dkt. No. 25.)  Thus, the only issue remaining is whether plaintiffs are entitled to damages.

## DISCUSSION

Based on the Estimation Protocol provided for in the Collection Policy and the results of an audit of Atlantic Steel, plaintiffs seek: (1) delinquent contributions and unpaid union

dues in the amount of $188,783.08; (2) union assessments and dues check-offs in the amount of $7,546.02; (3) interest thereon totaling $23,201.21; and (4) liquidated damages on the delinquent contributions in the amount of $18,878.31.  (Memorandum of Law in Support of Plaintiffs' Motion for Default Judgment, dated Dec. 5, 2022 ("Pls.' Mem."), Dkt. No. 15; Compl. ¶ 21; see also Declaration of Philip Wilson, dated Nov. 28, 2022 ("Wilson Decl."), Dkt. No. 13, ¶ 9; Collection Policy, annexed as Ex. G to the Declaration of Joseph Montelle, dated Nov. 21, 2022, Dkt. No. 11-2; Supplemental Declaration of Adrianna R. Grancio, Esq., filed Mar. 14, 2023 ("Supp. Decl."), Dkt. No. 19, ¶ 13.)

    1. Unpaid Contributions and Union Dues

    Plaintiffs seek unpaid contributions and dues for the period of June 2021 through September 2022.  (Pls.' Mem. at 4.)  As discussed in the prior R&R, plaintiffs relied on an Audit Report that was previously found to contain several significant errors to calculate the delinquent contributions and dues.  (See Audit Report, filed Dec. 5, 2022, Dkt. No. 12-1; see also Trs. of Pavers & Rd. Builders Dist. Council Welfare, Pension, & Annuity Funds v. Atl. Steel Sols., LLC, No. 21 CV 2518, 2022 WL 4642735, at *5 (E.D.N.Y. Sept. 15, 2022) ("This Court has reviewed the Audit Report . . . and has identified a number of significant errors that prevent this Court from accurately recalculating and recommending an award of damages to plaintiffs at this time, except for audit costs and attorney's fees."), report and recommendation adopted, 2022 WL 4662723 (E.D.N.Y. Sept. 30, 2022), supplemented, 2022 WL 11727626 (E.D.N.Y. Oct. 20, 2022).  This court similarly noted the potential errors in the Audit Report in the calculation of the delinquent contributions and recommended denying plaintiffs' request for damages on that ground.  (See Report and Recommendation at 15.)

The Audit Report for the period ending November 30, 2019 reflected that the auditor found that Atlantic Steel employees worked 337 hours.  However, when calculating the unpaid contributions for the "(4) Pavers Annuity Fund" category, the auditor used 339.50 hours, instead of 337 hours.  (See Audit Report at 8.)  Plaintiffs now explain that the Collective Bargaining Agreement ("CBA") states that

> [t]he following Welfare, Training, and Pension Fund contributions
> shall be paid for all hours worked, but not on the premium portion
> of the time and one-half rate or on the double time rate.  The . . .
> Annuity Fund contributions shall be paid for all hours paid at the
> straight time, or time and one-half, or double time rate.

(Castiglia Supp. Decl. ¶ 8; see also Collective Bargaining Agreement, annexed as Ex. C to the Declaration of Keith Loscalzo, dated Nov. 22, 2022, Dkt. No. 10-4, Art. IX, § 1(b).)  As a result, contributions to the Annuity Fund are calculated based on hours paid, rather than hours worked, while all the other fund obligations are calculated based on hours worked, not hours paid. (Castiglia Supp. Decl. ¶ 9.)  The auditors found that for November 30, 2019, Atlantic Steel's employees worked five overtime hours, which equates to an additional 2.5 hours of payment. (Id. ¶ 11.)  These additional 2.5 hours of payment were added to the 337 other hours that were paid, resulting in the figure of 339.5 for the Annuity Fund calculation.  (Id.)

Having reviewed all declarations and exhibits submitted with the motion for default judgment and supplemental briefing, I find that plaintiffs have sufficiently established the amount defendant owes to plaintiffs in unpaid contributions and unpaid union assessments and dues check-offs.  Therefore, I respectfully recommend that plaintiffs be awarded $188,783.08 in unpaid contributions and $7,546.02 in unpaid union dues.

2.  Interest on Unpaid Contributions

Plaintiffs seek interest on the unpaid contributions.  Pursuant to section 502 of ERISA, plaintiffs are entitled to interest on the delinquent contributions calculated at the rate

provided by the plan.  See 29 U.S.C. § 1132(g)(2)(E).  The CBA and Collection Policy provide

that interest on the unpaid contributions and unpaid dues are to be calculated at the rate of ten

percent per annum from the date that each monthly contribution was due.  (Compl. ¶ 24;

Declaration of Keith Loscalzo, dated Nov. 22, 2022 ("Loscalzo Decl."), Dkt. No. 10, ¶ 17;

Declaration of Joseph Montelle, dated Nov. 21, 2022 ("Montelle Decl."), Dkt. No. 11, ¶¶ 12, 20;

see also Collection Policy.)  I have reviewed the calculation tables provided by plaintiffs and find

that they accurately reflect the interest due through September 2022.  (See Interest and

Liquidated Damages Calculations, attached as Ex. K to the Montelle Decl., Dkt. No. 11-6.)

However, since interest continues to accrue on all outstanding principal through the date of the

entry of judgment, I cannot recommend a specific interest award at this time.  Instead, I

respectfully recommend that interest be awarded on the unpaid principal at the rate of ten percent

per annum, through the date of judgment.

     3.  Liquidated Damages

     Plaintiffs seek $18,878.31 in liquidated damages for the total amount of

delinquent contributions.  (See Pls.' Mem. at 2.)  "Section 502 of ERISA provides for liquidated

damages in an amount equal to the greater of the interest due on the unpaid contributions, or up

to twenty percent of the unpaid contributions as provided in the collective bargaining and trust

agreements."  Sullivan v. Marble Unique Corp., No. 10 CV 3582, 2011 WL 5401987, at *6

(E.D.N.Y. Aug. 30, 2011) (citing 29 U.S.C. § 1132(g)(2)(C)), report and recommendation

adopted, 2011 WL 5402898 (E.D.N.Y. Nov. 4, 2011).  Pursuant to the CBA and the Collection

Policy, liquidated damages are to be calculated at a rate of ten percent of the amount of the

delinquency.  (Montelle Decl. ¶ 36; Collective Bargaining Agreement, Art. IX, § 5; Collection

Policy, Art. II.)

Plaintiffs calculated liquidated damages based on the $188,783.08 in delinquent contributions for the period of June 2021 through September 2022.  (Pls.' Mem. at 2, 9-10; Montelle Decl. ¶¶ 41, 42; Interest and Liquidated Damages Calculations.)  Having reviewed plaintiffs' calculations and supporting documentation, I respectfully recommend that plaintiffs be awarded the requested $18,878.31 in liquidated damages, which amounts to ten percent of the total unpaid contributions.

## CONCLUSION

For the reasons explained above, I respectfully recommend (1) granting plaintiffs' request for estimated delinquent contributions and union assessments in the amount of $188,783.08; (5) granting interest on estimated delinquent contributions; and (6) granting liquidated damages in the amount of $18,878.31.  Any objection to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days.  Failure to file objections in a timely manner may waive a right to appeal the District Court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(d), 72.

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      July 18, 2023

6